**CADDO TRUST & SAVINGS BANK v. BUSH.**

No. 5656.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1938.

C. B. Prothro, of Shreveport, for appellant.

Lunn & Trichel, of Shreveport, for appellee.

DREW, Judge.

The Caddo Trust & Savings Bank instituted this suit against J. R. Bush to claim the sum of $371.14. For a cause of action it alleged that the said Bush during the months from March 31, 1936, to July 28, 1936, maintained a checking and drawing account with the plaintiff Bank and that during the aforesaid period overdrew his account by drafts and checks drawn by himself and others, with his authority, in excess of deposits to the sum of $371.14. It attached to its petition the account of Bush from March 31, 1936, to July 28, 1936, and the original deposit slips and cancelled checks drawn or charged to his account during that time. It prayed for judgment in the amount of the overdraft.

Defendant, in answer, denied he owed the plaintiff Bank anything, but admits he

maintained a checking account with plaintiff during the time and period alleged. Bush admits that all of the cancelled checks attached to the account are his checks and denies that all of the deposit slips are attached. He alleged the cancelled checks were illegally retained in plaintiff's possession from July 28, 1936, to date. Defendant contends he is entitled to other credits not shown on the account, but does not specify with any particularity what credits he claims.

On these issues the case was tried below resulting in judgment for plaintiff in the amount prayed for, less a credit of $29.90. Defendant has prosecuted this appeal.

■ On trial of the case it was shown, and not denied, that on March 31, 1936, Bush had in the Bank a balance of $2.62. Between that date and July 28, 1936, he deposited $1,272.14. To this was added a credit of $24 which had been erroneously charged to his account, and $27.72 which was a discrepancy between the statement of October 31st and November 1, 1935, and $29.90, representing two charges made against his account of $13 and $16.90, respectively, for which no cancelled checks could be produced, making a total credit of $1,356.38. There were offered cancelled checks drawn by Bush during that time against his account in the total sum of $1,643.62, leaving an overdraft of $287.24. The Bank officials testified there were no other deposits made by Bush during that period, and when he was on the witness stand, he would not say that he had made any other deposits. He made no claim for any other credits than that given him by plaintiff, but does complain of the manner in which his cancelled checks were kept by the Bank. If the cancelled checks were loosely kept and some of them lost, we fail to see where defendant would have any complaint. He is only charged with the cancelled checks produced in court. If some others could not be found, defendant is the winner and not a loser. When plaintiff produced the original deposit slips and said that was all of them, it has made out a prima facie case and, unless defendant can show there were other deposits made by him, plaintiff's showing must stand as correct. He does not claim any other deposits not shown by the Bank and says he does not know that he made any other deposits.

■ We see no good purpose which would be served for us to go into the misconduct of the assistant cashier of the Bank during this period of time from March 31, 1936, to July 28, 1936, and prior thereto, as it could not have any material bearing on this case. The Bank has shown without contradiction by defendant that during the period stated he overdrew his account, and he therefore owes the Bank the amount of the overdraft, the same as though he had borrowed it from the Bank.

We find no error in the judgment of the lower court and it is affirmed, with costs.